FILED
U.S. DISTRICT COURT
AUGUSTA DIV.

2006 AUG 11  PM 2: 15

CLERK _____
SO. DIST. OF GA.

# IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF GEORGIA
### AUGUSTA DIVISION

BRENDA J OYCE LOWERY )
)
**Plaintiff,** )
)
**vs.** )
)
RICHMOND COUNTY SHERIFF ) **CAUSE FILE NO. CV-106-90**
DEPARTMENT  AND OFFICIALS: )
SHERIFF RONNIE STRENGTH, )
CHIEF SIDNEY HATFIELD, )
INVESTIGATORS KEN RODGERS, )
SERGEANT PATRICK YOUNG, )
CAPTAIN CENE JOHNSON, )
)
**Defendants,** )
_____)

## PLAINTIFF"S SUPPLEMENTAL AMENDMENTS OF COMPLAINT AT LAW OF CORRUPTION PER FEDERAL RULE CIVIL PROCEDURE 15

**NOW COMES** the Plaintiff, Brenda Joyce Lowery, having received leave from the

Court according to L.R. 4.1 under 28 U.S.C. 1915 to proceed under a *in forma pauperis*

pursuant to Civil Action No. 1:06-MI-00159 and 1:06-CV-1371 filed on June 6, 2006,

and June 20, 2006. The Plaintiff also was granted in forma pauperis pursuant to CV 106-

90 dated July 12, 2006. The Plaintiff brings forth this supplemental amendment pursuant

to Fed. R. Civ. P. 15 that documents:

*A party may amend the party's pleading once as a matter of course at any time before
a responsive pleading is served, OR if the pleading is one to which no responsive
pleading is permitted and the action has not been placed upon the trial calendar, the
party may so amend it at any time 20 days after it is served.*

In furtherance of Rule 15(d) for supplemental pleadings, it specifically permits: *an
amended action when notice and terms is just setting forth a transaction, or occurrences,
or events which have happened since the date of the pleading sought to be supplemented.*

1

While this court acting in conjunction with the Sheriff department may construe an amended action requires a motion.  Contrarily, an amended pleading under the second condition does not particularity require a motion. Georgia courts has recognized in *Clover Reality Co. vs. Todd 237 Ga. 821, 299 S.E. 2d 649 (1976) that amendments is a matter of right before entry of a pretrial order*.  *In Newbern vs. Chapman Funeral, Ga. App. 790, 282 S.E. 2d. 379 (1981) the appeals court has affirmed amendments may be filed at any time before entry of a pretrial order without  permission of the court.* The Plaintiff amended complaint is after an event of the case in receipt of being granted IFP status and to clearly clarify the issues of Law within the Complaint.

The Plaintiff in this cause of action brings forth this amended factual complaint against the Richmond County Sheriff Department, Sheriff Ronnie Strength, Chief Sidney Hatfield, Investigator Ken Rodgers, Sgt. Patrick Young, and Capt. Gene Johnson, and therefore states the following:

## COUNT 1- WRONGFUL TERMINATION

1. The Plaintiff Brenda Joyce Lowery hereinafter referred to as "Ms. Lowery" currently resides in Augusta and also Atlanta, Georgia.

2. The Defendants; Richmond County Sheriff Department officials: Sheriff Ronnie Strength, Chief Sidney Hatfield, Sergeant Patrick Young, Captain Gene Johnson, and Investigator Ken Rodgers, hereinafter referred to as the "Sheriff department" at all times operate the Augusta, Georgia law Enforcement operation including the Richmond County Sheriff Department.

3. Richmond County Sheriff Brenda Joyce Lowery was an employee with the Department from February 15, 2003 through July 19, 2004.

4. At the specific time of Ms. Lowery's termination, she was on approved medical disability.

5. At the specific time of termination, the Sheriff Department employed Ms. Lowery as Deputy Jailer working in the Richmond County Jail.

6. At all times hereunder Richmond County Sheriff Department was the employer and Ms. Lowery was the employee establishing and maintaining an employer and employee relationship.

7. At all times hereunder Richmond County Sheriff Department created and established specific policies, practices, and procedures which defined the terms and conditions under which it expected all of it employees, deputies, and officers to conduct themselves while on or off schedule.

8. These same policies, practices, and procedures were stated in a written document identified as the Sheriff's Office Policies, and Procedures Manual or the Employee Handbook.

9. The Procedural Manual/ Employee Handbook set forth specific methods for handling such situations as: Disability, occupational and non-occupational, Termination, voluntary and involuntary, conduct of Deputies on and off duty, arrest, misdemeanors, felonies, suspensions, criminal acts committed by Deputies.

10. Any employee as well as Ms. Lowery are and were entitled to rely on the Procedural Manual and Employees Handbook established under both Georgia law and the Richmond County Sheriff Department in conducting themselves as Employees of Richmond County Sheriff Department.

11. Therefore, Richmond County is and was obligated under both Georgia Law and Federal Law to follow all of the policies, practices, and procedures set forth in the Sheriff Procedural Manual/Employees Handbook.

12. On or about July 10, 2004 prior to the altercation, Ms. Lowery informed the police department of a situation and requested their assistance while in route to the scene of the act in question.

13. On or about July 10, 2004, Ms. Lowery while on medical disability was involved in an altercation which warranted defending herself.

14. On or about July 10, 2004, before the police department arrived, Ms. Lowery and Angela Denise Harmon were involved in an altercation where 4 days later Ms. Lowery was arrested for allegedly violation of the Sheriff procedural Manual or manner of conduct 4.4A/ criminal Acts 4.1A

15. On or about July 14, 2004, 2 days after the above incident, Richmond County Sheriff's Department, Investigator Ken Rodgers investigated the incident, thereafter had Ms. Lowery arrested, knowing that information involving an arrest of a deputy or officer would go before a Disciplinary Review Board for further actions.

3

16.  On or about July 19, 2004, Richmond County Sheriff Department Disciplinary Review Board terminated Ms. Lowery.

17.  Upon Ms. Lowery's termination, Richmond County Sheriff's Department breached, violated and /or failed to follow certain policies, practices, and procedures as set forth in the Sheriff's Procedural Manual/ Employees Handbook.

18.  The above described failures by Richmond County Sheriff Department which constitute independent breaches and violations of the Procedural Manual/ Employees Handbook and the relationship employer and employee relationship while working under a firm offer of employment as a sworn Deputy of Richmond County.

19.  Richmond County Sheriff Department and the listed persons stated herein this complaint breached or failed to follow policies, practices, and procedures of the Procedural Manual / Employees Handbook as follows:

A.  Failed to properly investigate Angela Denise Harmon on July 10, 2004 at the time of the alleged incident involving the Plaintiff and Ms. Harmon.  Police record indicates at the time of the incident on July 10, 2004 the subject; **Angela Denise Harmon had an outstanding or active warrant against her person on March 3rd 2004**.

B.  Failed to properly follow the procedures and policies regarding termination for misdemeanor versus felonies.

C.  Failed to properly classify the incident or violation.

D.  Investigator Ken Rodgers participated in a concert effort intentionally causing the Plaintiff harm by having her arrested when the police report 04-138826 does not include or classify who specifically was at fault. The report states Plaintiff as the victim.

E.  Failed to follow the pre-discharge policy and practices concerning procedural steps for Sheriff Deputies who have no prior disciplinary history or record who may be involved in violation of misdemeanor status.

20.  Richmond County Sheriff Office and Defendants stated in the above case caption committed acts/failures, omissions, and breaches of the Employee Handbook which were willful, wanton, and intentional.

21.  As a result of the aforementioned breaches, failures, and violations, Richmond County Sheriff Department wrongfully terminated Ms. Lowery.

22. As a result of the aforementioned breaches, failures, and violations, Ms. Lowery suffered damages in excess of $200.000.00

WHEREFORE, the Plaintiff Brenda Joyce Lowery respectfully request this Court to grant her the following relief:

    A. Special and actual damages in excess of $200.000.00

    B. Violations to each failure of the employee in employer relationship under unilateral agreement in the Handbook damages in excess of $200.000.00

    C. Punitive damages in the amount in excess of $200.000.00

    D. Cost associated with hardship and mental anguish in excess of $200.000.00

    E. Cost associated with the suit, including reasonable travel and any such other relief as this Court deems just and proper under the circumstances.

## COUNT 2 – RETALIATORY DISCHARGE

The Plaintiff Ms. Lowery re-alleges and re-affirms the allegations contained in paragraphs 1through19 of Count 1 of the Complaint at Law as Counts 1-16 of Count 2 of the Complaint at Law as though to fully set forth herein.

23. Ms. Lowery is an African American female who spoke-out against her peers in addition to reporting issues and conditions under which she had to work and were subjected to involving other White Angelo Saxon males working in the same Richmond County Jail.

24. Ms. Lowery from time to time reported to Richmond County Sheriff Department Internal Affairs of the conduct in violation of this Federal financed entity where co-workers that are Officers were involved in calling Ms. Lowery Names as "**nigger**".

25. Ms. Lowery was warned by her Lieutenant "to watch her back" because she was filing complaints involving Officers and Deputies within the Richmond County Sheriff Department.

26 These complaints did reach the Sheriff of Richmond County, Ronald Strength, thereafter he verbally stated to Ms. Lowery that "this is his town and if she did not like it to just leave. No one can make him do anything. No mayor, no Senator, or no one".

27 Ken Rodgers who preformed the investigation of the incident stemming from the July 10, 2004 incident wanted to prove a point that his position could jeopardized the Plaintiff's employment if he had the Plaintiff arrested for a simply battery allegations.

**28**. As a result of Ms. Lowery reporting and filing complaints to Internal Affairs, against other Deputies, the Solicitor in connection to the Richmond County Sheriff Department acted on the behalf of Angela Harmon who did not appear in Court for the hearing of the alleged allegations stemming from the July 10, 2004 incident.

**29**. Normal standard for Court proceedings involving misdemeanor offenses when one party fails to appear, the case is generally dismissed due to failing to appear in Court. However, the Solicitor in connection with the Sheriff Office inappropriately intervened, then acted to say that incident was predicated on the behalf of the United States Government or entity however, the incident involved a regular citizen (who had an existing warrant) and an employee of Richmond County.

**30.** The fact that Ms. Lowery reported to Departmental Internal Affairs, being called a **nigger** by other Officers in the Richmond County Sheriff Department and was reporting the conditions which she had to work under caused Richmond County Sheriff Department to circumvent and develop a scheme under the pretense of a misdemeanor arrest to terminate Ms. Lowery employment.

**31.** The fact that other Deputies who currently are employed with the Richmond County Sheriff Department having been arrested and charged with felonies and misdemeanors and carry weapons indicates that the termination of Ms. Lowery was without merit and was maliciously done in retaliation.

**32.** Richmond County Sheriff Department and the names stated within this complaint through their actions of its Officers, Deputies, and Sheriff retaliated against Ms. Lowery by terminating her as an employee.

**33.** The right to speak out referencing Employment issues acts of discrimination and harassment is freedom of speech and is a protected right and public policy.

**34.** The right to work in a Federal financial funded entity of the Government under the law enforcement entity in the Richmond County Sheriff's Department free from intentional discrimination, being called a "nigger" constantly is a protected right under the 1964 Civil Rights Act Title VI. Individuals such as Ms. Lowery are protected for exercising this right.

**35.** The Richmond County Sheriff Department caused additional pain and suffering to Ms. Lowery by contacting the Georgia Peace Officer Standards and Training Council actively trying to have the Plaintiff's certifications revoked as a Basic Jail Officer.

**36.** Richmond County Sheriff Department and the names stated herein through their acts against Ms. Lowery committed torts of retaliatory when they terminated the Plaintiff's employment.

**37.** As a result of these violations and breaches, Ms. Lowery suffered damages in excess of $300.000.00.

6

WHEREFORE, the Plaintiff Brenda Joyce Lowery respectfully requests this Court grant her the following relief:

F.   Special and actual damages in excess of $300.000.00

G.   Punitive damages in the amount in excess of $300.000.00

H.   Cost of any magnitude associated with this suit including traveling fees, and such other relief as the Court deems just and proper under the circumstances.

I.   Special interest as deemed by the Court for delay of process or attempts to.

## COUNT 3 – CORRUPTION, SLANDER, AND BREACH OF BAD FAITH

The Plaintiff Ms. Lowery re-alleges and re-affirms the allegations contained in paragraphs of Count 1 and Count 2 of the Complaint at Law as though too fully set forth herein continued in Count 3.

**38.** Richmond County Sheriff Department used the Sheriff Office to force, threaten, harass, the Plaintiff and citizens of Richmond County in private matters separate from issues relating to the Richmond County Police and Sheriff Department.

**39.** Currently; Both Sheriff Ronnie Strength and the Richmond County Sheriff Office are under investigation for gross misuse of representation of a sworn office, corruption, breviary, extortion, racketeering, and tampering with evidence relating to the Taxi Cab union. These specific acts cover affiliation with the Office of Sheriff, allowing illegal gambling and deterring and tampering of potential investigations performed under other Governmental agencies such as the FBI.

**40.** Richmond County Sheriff Department tampered with the departmental data base making illegal arrests prompted by self motivated issues, then adjusted the same data base to show the same warrants for arrest never existed.

**41.** Deputies for the Sheriff Department exercised their personal positions and badge off duty to intimidate the Plaintiff and/or private citizens to force and subject these individuals to abuse of office.

**42.** Richmond County Sheriff Department is involved in protecting other Deputies, Judges, attorneys of whom the records indicate cited infractions within the Sheriff Office departmental data base. However, these Officials of the Law were never processed or prosecuted for violating the law.

**43.** Richmond County Sheriff Department has a double standard allowing certain specific Deputies and uniformed police Officers to continue employment even after

being arrested, convicted, cited, and/or sentenced involving traffic violations, DUI's, Battery, Theft, and other felonies and misdemeanors.

**44.** Richmond County Sheriff Department is involved in a covert operation to harass the Plaintiff and has notified the Plaintiff's landlords and posted newspaper articles in the apartment complex referencing the incident in question on July 10, 2004.

**45.** Richmond County Sheriff has since been involved in attempting to notify and falsely present to people, employers, and landlords a disposition of the Plaintiff to influence a particular outcome.

**46.** Richmond County Sheriff Department has been involved in calling and threatening the Plaintiff that she feels her life and her family may become the victims of retaliation protected by a Sheriff who expressed personally to the Plaintiff that he runs the city of Augusta and no one can tell or instruct him.

**47.** As a result of these specific violations and Ms. Brenda Joyce Lowery's knowledge of this evidence causes the Defendants to participate in efforts to cause direct harm and personal injuries to the Plaintiff.

**48.** As a result of these breaches, infractions, omissions, and violations of the Law; Ms. Lowery suffered intentional damages in excess of $300,000.00.

**49.** As a result of these violations to which the Sheriff Office is sworn to uphold constitutes an immediate interruption from financial assistance from the Federal government to Richmond County Sheriff Department as a part of Title VI violations.

WHEREFORE, the Plaintiff Brenda Joyce Lowery respectfully requests this Court grant her the following relief:

  a. Special and actual damages in excess of $300,000.00

  b. Punitive damages in the amount in excess of $300,000.00

  c. Cost of any magnitude associated with this suit including traveling fees, and such other relief as the Court deems just and proper under the circumstances.

  d. Special interest as deemed by the Court for delay of process or attempts to.

## COUNT 4- IMPROPER WORK AND TRAINING CONDITIONS

The Plaintiff Ms. Lowery re-alleges and re-affirms the allegations contained in paragraphs of Count 1, Count 2 and Count 3 of the Complaint at Law as though too fully set forth herein and continued in Count 4.

**50.** Richmond County Sheriff Department required the Plaintiff as well as other Deputies to inspect freight shipments of contaminated materials having radiation sources without proper training of these hazardous shipments and personal protective measures in place such as clothing, (TLD's) Thermo luminescent Dosimeters, and external and internal monitoring.

**51.** Richmond County Sheriff Department violated Federal Laws regarding (EPA) Environmental Protection Agency Standards, (NRC) Nuclear Regulatory Commission implementations and guidelines, (OSHA) Occupational Safety and Health Standards, (DOT) Department of Transportation standards, and (RCRA) Resource Conservation and Recovery Act 40CFR.

**52.** Richmond County Sheriff Department violated Federal Laws regarding Hazardous Communications guidelines for employees working in and around both (RA'S) radiation areas and (CA's) contaminated areas.

**53.** Richmond County Sheriff Department violated Federal Laws regarding training requirements for Deputies to have completed Hazwopper, Hazard Communication in accordance to specifically knowing what chemicals they are being exposed to, what protective measures are available, and what adverse effects are associated.

**54.** Richmond County Sheriff Department failed to operate the County Jails free from health hazards associated with mold and mildew exposing inmates and Deputies to toxicities harmful to their health and in violation of health standards.

**55.** As a result of neglect, Richmond County Sheriff Department exposed their Deputies to hazards associated with radiation and contamination shipments. This constitutes a total disregard to the laws in compliance to hazardous material that ultimately put at risk the Plaintiff and other Deputies who were never given proper training.

**56.** As a result of these breaches that put the Plaintiff as risks, Ms. Brenda Joyce Lowery suffered and possibly will suffer future health problems that the Plaintiff requests damages in excess of $300.000.00.

WHEREFORE, the Plaintiff Brenda Joyce Lowery respectfully requests this Court grant her the following relief:

a.   Special and actual damages in excess of $300.000.00

b.   Punitive damages in the amount in excess of $300.000.00

c.   Cost of any magnitude associated with this suit including traveling fees, and such other relief as the Court deems just and proper under the circumstances.

d.   Special interest as deemed by the Court for delay of process or attempts to.

Respectfully submitted

Brenda Joyce Lowery
4200 Wesley Club Dr.
Decatur, Ga. 30034
(706) 833 - 4810

Submitted this date of August 9, 2006

Notarized by: *Earnest Colvin Marshall, R.C.F.C*

Notary Public, DeKalb County, Georgia
My Commission Expires Nov. 16, 2007