IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

BRENDA JOYCE LOWERY,        )
                            )
    Plaintiff,              )
                            )
v.                          )        CV 106-090
                            )
RICHMOND COUNTY SHERIFF'S   )
DEPARTMENT; RONALD STRENGTH,)
Sheriff; SIDNEY HATFIELD, Chief; )
GENE JOHNSON, Captain; and KEN )
RODGERS, Investigator,      )
                            )
    Defendants.             )

## MAGISTRATE JUDGES'S REPORT AND RECOMMENDATION

### I.   PROCEDURAL BACKGROUND

Plaintiff, proceeding *pro se* and *in forma pauperis* ("IFP"), originally filed the above-captioned employment discrimination case in the United States District Court for the Northern District of Georgia. While in the Northern District, Plaintiff was granted permission to proceed IFP. (Doc. no. 3, June 6, 2006 Order). In that same Order, the United States Magistrate Judge stated that the instant action was not entirely frivolous or malicious; however, that Order was later vacated, and the entire case was transferred to United States District Court for the Southern District of Georgia. Id. Accordingly, the case came to this Court as a "new" case with a pending motion to proceed IFP. Plaintiff was granted IFP status on July 12, 2006. (Doc. no. 6).

Pursuant to Plaintiff's IFP status, the Court screened her original complaint filed on May 23, 2006. A Report and Recommendation was issued on July 12, 2006, recommending that Plaintiff's case be dismissed because it was not brought within (90) days after Plaintiff received a "right to sue" letter from the Equal Employment Opportunity Commission. (Doc. no. 7). From the time the Report and Recommendation was issued, until the Honorable Lisa Godbey Wood, United States District Judge, dismissed the Title VII portion of Plaintiff's complaint, Plaintiff made numerous filings. In a comprehensive and thorough Order, Judge Wood addressed each of the issues raised by Plaintiff in her multiple filings.[1] (Doc. no. 28). Judge Wood's Order also directed Plaintiff to file an amended complaint that would supersede in its entirety any prior complaint she had filed. Id. Finally, Judge Wood's Order provided Plaintiff with directions on how to properly structure her amended complaint. (See id. at 12-14).

Notwithstanding the specific instructions set forth in the Order, Plaintiff filed a pleading titled "Plaintiff's Objections and Memorandum of Support to District Judge Court Order" (doc. no. 31), in which she objected to Judge Wood's April 20, 2007 Order, and included a "reluctantly amended complaint" that was "forced by the Court." By Order dated May 15, 2007, Judge Wood addressed Plaintiff's "reluctantly amended complaint" and allowed Plaintiff to file another amended complaint. (Doc. no. 32). Not only did the May

---

[1]For example, Plaintiff filed: (1) a motion to move case from the Southern District to the Northern District (doc. no. 9); (2) an objection to the Report and Recommendation (doc. no. 10); (3) a motion to change venue (doc. no. 11); (4) an amended complaint (doc. no. 12); (5) a notice of removal (doc. no. 13); (6) a motion of inappropriate actions and misconduct form the Clerk of Court in Augusta (doc. no. 17); (7) a "complaint" (doc. no. 18); (8) a motion for judgment by default (doc. no. 22); and, (9) a response to order in reference to order reassigning case (doc. no. 26).

2

15, 2007 Order again provide Plaintiff with directions on what the Court required in a complaint, but it also warned Plaintiff that her "failure to comply with this Order in all respects may result in the outright dismissal of this case." (Id. at 4). The matter is now before the Court for screening "Plaintiff's Reluctant Second Forced Amendment Pursuant to Court Orders on May 15, 2007, and April 20, 2007." (Doc. no. 36).

As Plaintiff's amended complaint was filed IFP, it must be screened to protect potential defendants. Phillips v. Mashburn, 746 F.2d 782, 785 (11th Cir. 1984). Pleadings drafted by *pro se* litigants must be liberally construed, Haines v. Kerner, 404 U.S. 519, 520-21 (1972) (*per curiam*), but the Court may dismiss a complaint, or any part thereof, that is frivolous or malicious or that fails to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(i) & (ii).

## II. DISCUSSION

First and foremost, Plaintiff was directed not to include in her amended complaint anything more than her alleged causes of action or counts; specifically, she was warned that there was no reason for her to reiterate her unfounded allegations of corruption and conspiracy, nor any reason to continue to argue that her claims under Title VI and Title VII should be allowed. (Doc. no. 32). Incredibly, Plaintiff begins her "reluctant and forced" second amended complaint not by stating her alleged causes of action, but with three paragraphs detailing how she has been inappropriately required to amend her complaint. (Doc. no. 36, pp. 1-2). Notably, once Plaintiff does reach the merits of her second amended complaint, she again does not remedy the deficiencies of her prior complaint that were previously noted by Judge Wood. For example, the information provided in the sequentially

3

numbered paragraphs are again substantially similar, if not identical, to the information provided in Plaintiff's "Supplemental Amendments of Complaint at Law of Corruption Per Federal Rule of Civil Procedure 15," (doc. no. 12), and Plaintiff's "Forced Reluctant Amendment" (doc. no 31). These deficiencies will be discussed in more detail *infra*.

## A. The Family Medical Leave Act

In Count I, Plaintiff asserts that Defendants violated her rights under the Family Medical Leave Act ("FMLA").[2] The FMLA grants an eligible employee the right to take up to twelve work weeks of unpaid leave annually for any one or more of several reasons, including "[b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). The FMLA creates a private right of action to seek equitable relief and money damages against employers who "interfere with, restrain, or deny the exercise of or the attempt to exercise" FMLA rights. Id. §§ 2615(a)(1), 2617(a).

Plaintiff asserts that at the time of her termination she was on disability leave. (Doc. no. 36, p. 3, ¶ 4). It appears that Plaintiff suffered a nervous break down and was treated for depression and anxiety due to work related stress. (Id. ¶ 11). Plaintiff concludes that because she was on disability leave and undergoing mental health treatment, she should not have been held to the "responsibilities of normal status" deputy officers during the "incident

---

[2]The Court notes that while Plaintiff suggests that the Court "be mindful that the plaintiff wished to invoke her jurisdictional rights as a party which was under the Americans with Disabilities Act, ("ADA") from June 6, 2004, through September 13, 2004," (doc. no. 36, p. 2), she again fails to explain what role her disability played in her termination. Indeed, it is Plaintiff's contention that she was terminated in retaliation for reporting her fellow employees to internal affairs; she does not claim that she was terminated because she requested or took leave related to any disability.

4

evolving from July 10, 2004." (Id. ¶ 15). The incident referred to by Plaintiff, though not described in this Count, is a simple battery that occurred on July 10, 2004, for which she was arrested. (Id. at 6, ¶¶ 28, 30).

By Plaintiff's own admission she was on approved medical disability leave, from June 6, 2004 through September 13, 2004, (id. ¶ 4), and was terminated on July 19, 2004, for an incident not involving her leave. On July 19, 2004, the Richmond County Sheriff's Department ("RCSD") disciplinary review board terminated Plaintiff for violating its procedural manual. (Id. ¶ 31). Accordingly, her employers did not interfere with, restrain, or deny her leave, and thus, they could not have violated the FMLA. Plaintiff has failed to state a claim upon which relief can be granted under the FMLA.

Furthermore, Plaintiff lumps all Defendants together and says, as to all, "hereinafter, they will be referred to as the 'Sheriff Department' and at all times operate the Augusta, Georgia Law Enforcement operation including the Richmond County Sheriff Department." (Id. at 3, ¶ 2). She fails to identify the individual Defendant and/or to specifically describe how any particular Defendant has allegedly participated in violating her FMLA rights. As such, Plaintiff has not put any Defendant on notice of the basis of her claims against them. For the reasons stated above, Count I of Plaintiff's "reluctant second forced amended" complaint should be dismissed.

**B.     Wrongful Termination/Breach of Contract**

In Count II, Plaintiff refers to an employee handbook and complains that her termination violated certain provisions of the handbook. As Judge Wood previously noted, even if an employee handbook is considered a contract, if it does not state a specific term of

5

employment, such employment is generally terminable at will. Georgia Ports Auth. v. Rogers, 173 Ga. App. 538, 512-13 (1985). Judge Wood also noted that to assert a procedural due process claim, a plaintiff must establish a protected property interest created and defined by an independent source such as state law. Board of Regents of State Colleges v. Roth, 408 U.S. 564, 577 (1972). A constitutionally protected property interest is created if there are "rules or mutually explicit understandings that support [a] claim of entitlement." Perry v. Sindermann, 408 U.S. 593, 601 (1972). The Eleventh Circuit has reviewed the Georgia law of property interest in public employment and found as follows:

> In Georgia, "[g]enerally, one in public employment has no vested right to such employment. . . ." Adams v. Bainbridge-Decatur County Hospital Authority, 888 F.2d 1356, 1364 n.19 (11th Cir. 1989) (citations omitted). Unless the employment arrangement is modified by additional contractual or statutory provision, the "power to hire carries with it the implied power to fire." Id. Thus, the court explained, the plaintiff must show more than a unilateral expectation of continued employment. Id.

However, a public employee who may be terminated only for cause, has a protected property interest in continued employment. Barnett v. Housing Auth., 707 F.2d 1571, 1576 (11th Cir. 1983); see also Brown v. Georgia Dep't of Revenue, 881 F.2d 1018, 1024 (11th Cir. 1989) (holding that the Merit Act's provision providing that state employees could only be terminated for a specified list of reasons was equivalent to dismissal for cause and therefore ruled that the Merit Act granted a protected property interest in employment).

Plaintiff complains that her termination violated certain provisions of the employee handbook. (Doc. no. 36, pp. 5-7, ¶¶ 20-48 and A-G). Plaintiff does not allege anywhere that the handbook states any specific term of employment, and therefore nothing in the complaint establishes that her employment was anything other than terminable at will. Simply making

6

a conclusory statement that the employee handbook and unspecific additional information, given to Plaintiff when she was hired, did in fact alter the at-will relationship between Plaintiff and her employer (id. ¶ 23) is insufficient. See Wofford v. Glenn Brunswick Mem'l Hosp., 864 F.2d 117, 119 (11th Cir. 1989) (*per curiam*). Furthermore, even if Plaintiff had a right to procedural due process, her claim that Defendants violated that right must fail, as Plaintiff was afforded a hearing. (Doc. no. 39, p. 7, ¶¶ 41-42).[3]

In addition, Plaintiff's contention that the RCSD violated its own policy is misguided. Plaintiff argues that the RCSD violated its policy because it should have simply placed her on administrative leave, without pay, as opposed to terminating her, as per the investigation performed by the Georgia Department of Labor. (Doc. no. 36, p. 2, ¶ 3, Docket No. 26617A 2004, released on Sept. 15, 2004). This investigation concluded that the RCSD "had an option of placing [] [P]laintiff on administrative leave, without pay but opted to terminate [] [P]laintiff's service." (Id. at 7, ¶ 44) (emphasis added). It is apparent that the RCSD had the option between administrative leave without pay or something else. Unfortunately for Plaintiff, the RCSD opted for something else. As Plaintiff cannot establish a protected property interest, nor that the RCSD violated any of her due process rights, she has failed to state a claim upon which relief can be granted, and Count II of Plaintiff's "reluctant second forced amended" complaint should be dismissed.

---

[3]This document is a letter dated July 14, 2004, giving Plaintiff notice of the intentions of the RCSD regarding a disciplinary review board meeting, and this notice also offered Plaintiff a grievance hearing and rebuttal process through appeal rights underlying Plaintiff's proposed termination. (Doc. no. 39, p. 7, ¶¶ 41-42).

## C. Corruption, Slander, Libel, and Breach of Bad Faith

In Count IV, Plaintiff again offers the litany of purported bad acts by the RCSD that Judge Wood previously found had nothing to do with Plaintiff personally, and in a different procedural posture, would be subject to being stricken from the complaint. (Doc. no. 28, p. 10). Furthermore, Plaintiff again lumps "Corruption, Slander, and Breach of Bad Faith" together into one count, even though Judge Wood specifically cautioned Plaintiff to include only allegations of wrongdoing related to one cause of action in each count of her complaint. (Doc. no. 32, p. 3). Thus, if Plaintiff wanted to plead four causes of action, she was required to set forth her allegations in four separate counts. Id. As Plaintiff again failed to comply with Judge Wood's Order, this Count could be summarily dismissed.

However, even upon consideration of the substance of the claims in this deficient Count, Plaintiff fails to state a claim upon which relief can be granted. Plaintiff offers that she has been the object of threats and intimidation from the RCSD (doc. no. 36, ¶ 93), but similar to her previous complaint(s), Plaintiff does not specifically allege which individuals have threatened her or in what manner. That being said, it appears that Plaintiff is attempting to allege a tort action for invasion of privacy under Georgia law,[4] and a denial of a liberty interest.[5]

---

[4] The concept of invasion of privacy encompasses four related but distinct torts: (1) intrusion upon the plaintiff's seclusion or solitude, or into her private affairs; (2) public disclosure of embarrassing private facts; (3) publicity which places the plaintiff in a false light in the public eye; and (4) appropriation of the plaintiff's name and likeness. Troncalli v. Jones, 237 Ga. App. 10, 15 (1999).

[5] To state a claim based on a liberty interest, a plaintiff must allege (1) stigmatizing information; (2) which is false; (3) made public; (4) by the governmental organization. Peterson v. Atlanta Housing Auth., 998 F.2d 904, 912 (11th Cir. 1993) (citations omitted).

According to Plaintiff, the RCSD is involved in a covert operation to harass her, and has notified her landlords and posted newspaper articles in her apartment complex about her arrest for simple battery that occurred on July 10, 2004. (Doc. no. 36, p. 12, ¶ 88). She further alleges that Defendants RCSD, Sheriff Strength, Sidney Hatfield, Ken Rodgers, and Gene Johnson told to the Augusta Chronicle that Plaintiff was "arrested after a fight in a restaurant," and that an "arrested sheriff's jailor was placed on leave." (Id. at 12-13, ¶ 90).

While Plaintiff also asserts that Defendants Rogers, Johnson, Strength, and Hatfield, presented untruths to the disciplinary review board, she does not identify what these untruths were. She also claims that Sheriff Strength has since been involved in attempting to notify and falsely present to people, employers, and landlords, a "disposition of Plaintiff" to influence a particular outcome. (Id. at 13, ¶ 92). Plaintiff does not specifically identify who Sheriff Strength allegedly attempted to notify, or what information Sheriff Strength is allegedly conveying, let alone what the supposed impact of the notice is. Finally, Plaintiff asserts that the RCSD, to include Defendants Rodgers, Johnson, Strength, and Hatfield, recklessly presented untruths with disregard to the facts involving the incident that occurred on July 10, 2004. (Id. ¶ 91). Again, Plaintiff fails to inform the Court what untruths were allegedly presented. Without such pertinent information, Defendants are not put on notice as to the basis of Plaintiff's claims against them, so they are unable to respond to her claims. Therefore, Plaintiff has failed to state a claim upon which relief can be granted, and Count IV of Plaintiff's "reluctant second forced amended" complaint should be dismissed.

D.  **Work and Training Conditions**

Finally, in Count V, Plaintiff attempts to assert a claim against the RCSD for improperly training its deputies on the proper handling and protective measures against certain hazardous shipments containing radiation and contamination. (Doc. no. 36, ¶¶ 99-111). Judge Wood previously found that Plaintiff had not provided sufficient information to which any Defendant could be expected to frame a responsive pleading. (Doc. no. 28, p. 11). Judge Wood observed that Plaintiff had not alleged any injury from this handling of hazardous material other than a potential for "future health problems," and directed Plaintiff to provide a more definite statement pertaining to the specific types of hazardous material at issue and the manner in which Plaintiff was allegedly exposed. Id. Plaintiff did not do so.

This claim that Plaintiff presents in her "reluctant forced second amendment" is identical to the claim previously alleged in Plaintiff's "Supplemental Amendments of Complaint at Law of Corruption Per Federal Rule of Civil Procedure 15," (doc. no. 12), and Plaintiff's "Forced Reluctant Amendment," (doc. no 31), that Judge Wood previously found inadequate. Accordingly, Plaintiff has not cured her pleading deficiency and has failed to state a claim upon which relief can be granted. Thus, Count V of Plaintiff's "reluctant second forced amended" complaint should be dismissed.

### III. CONCLUSION

For the reasons stated above the Court reports and recommends that Plaintiff's Counts I, II, IV, and V be **DISMISSED** for failing to state a claim upon which relief can be granted.[6] As Defendants Hatfield and the RCSD are only mentioned in the above Counts, they should be **DISMISSED**.

SO REPORTED and RECOMMENDED on this 31st day of August, 2007, at Augusta, Georgia.

```
_____
W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE
```

---

[6] In a simultaneously entered Order, the Court has directed process to issue on Plaintiff's claim for retaliatory discharge.