IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA JOYCE LOWERY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CV 106-090 |
| | ) | |
| RICHMOND COUNTY SHERIFF | ) | |
| DEPARTMENT; RONALD STRENGTH, | ) | |
| Sheriff; SIDNEY HATFIELD, Chief; | ) | |
| GENE JOHNSON, Captain; and KEN | ) | |
| RODGERS, Investigator, | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

After a careful, *de novo* review of the file, the Court concurs, in part, with the Magistrate Judge's Report and Recommendation (R&R), to which objections have been filed.[1] The majority of Plaintiff's objections are without merit, indeed a large portion of her

---

[1] Plaintiff has filed two objections, including exhibits, to the R&R, and one objection to the Magistrate Judge's August 31, 2007 Order. (Doc. nos. 46, 47, 48 (Exhibits to the Objection), and 52). As Plaintiff's objections to the R&R were due on September 20, 2007, her first two objections filed on September 20, 2007 (doc. nos. 46, 47), were timely filed. However, the third objection filed on October 12, 2007 (doc. no. 52) is untimely, and therefore, will not be considered. Moreover, Plaintiff's objection to the August 31st Order, is a mere reiteration of her argument that the Magistrate Judge exceeded his authority by entering an order in the above-captioned case. As the Court previously explained to Plaintiff in its April 20, 2007 Order (doc. no. 28), it is this district's policy, and in accordance with 28 U.S.C. § 1915(e)(2)(b)(i) and (ii), proceedings *in forma pauperis* are reviewed by the United States Magistrate Judge to ensure that the complaint is not frivolous or malicious or fails to state a claim upon which relief may be granted. See 28 U.S.C. § 636(b)(1)(B); Fed. R. Civ. P. 72(b) (expressly permitting a United States Magistrate Judge to consider dispositive matters upon report and recommendation to the District Judge who then reviews the dispositive matters

objections merely reiterate her unfounded allegations of corruption and conspiracies. (Doc. nos. 46, 47). However, Plaintiff's objections regarding the dismissal of her Family Medical Leave Act claim and her Wrongful Termination/Breach of Contract claim do merit further comment. (Doc. no. 47, pp. 16, 17).

As an initial matter, the Court notes that Plaintiff continues to disregard the Court's Orders. Notably, the Court previously instructed Plaintiff that she should keep in mind the two principal purposes of a complaint: to give each and every defendant fair notice of the basis of her claims against him so that he may respond, and to allow this Court to determine whether the allegations, if proven, entitle Plaintiff to relief. (Doc. no. 32, p. 3). Furthermore, the Court cautioned Plaintiff that she should not include anything more in her amended complaint than the causes of actions she is asserting. (Id.). More particularly, the Court warned Plaintiff that there was no reason for her to reiterate her unfounded allegations of corruption and conspiracy. (Id.). Notably the Court cautioned her that failure to comply with the Court's May 15, 2007 Order in all respects may result in the outright dismissal of Plaintiff's case. (Id. at 4). Not only did Plaintiff continue to argue in her second amended complaint that the Court was exceeding its authority by requiring Plaintiff to amend her complaint (see doc. no. 36), but she also continues, in her objections to the R&R, to assert her unfounded allegations of misconduct, corruption, and conspiracy against named individuals in the office of the Clerk of Court, the Magistrate Judge, and the presiding District Judge. (See doc. nos. 28, 32, and 39).

---

*de novo.* Fed.R.Civ.P. 72(b)); see also 28 U.S.C. § 636(b)(A) (expressly permitting a United States Magistrate Judge to consider non-dispositive matters and issue orders on non-dispositive matters, of course, subject to the ten (10) day objection period).

2

Upon review of Plaintiff's meritorious objections to the R&R, it appears that Plaintiff is now attempting to assert a claim for interference with her rights under the Family Medical Leave Act ("FMLA"), as opposed to retaliation based on the exercise of her FMLA rights.[2] To state a claim for interference with a substantive right under the FMLA, an employee need only demonstrate by a preponderance of the evidence that she was entitled to the benefit that was denied. O'Connor v. PCA Family Health Plan, Inc., 200 F.3d 1349, 1353-54 (11th Cir 2000). Plaintiff now asserts that Defendant Rodgers, with the support of Sheriff Strength, "interfered with her FML." (Doc. no. 47, p. 13). In support of this allegation, Plaintiff contends that requiring her to return to her workplace to appear before the Richmond County Sheriff's Department Board for her disciplinary hearings regarding her termination, while she was on her approved FMLA leave, interfered with her substantive rights. (Id. at 13-14). Thus, liberally construing Plaintiff's allegation, the Court finds that Plaintiff has arguably stated a claim for interference with her substantive rights under the FMLA.[3]

Plaintiff's next objection addresses her contention that her due process rights were violated because Sheriff Strength violated the policies, procedures, and practices of the Richmond County Sheriff's Department. The Magistrate Judge recommended dismissal of this claim because Plaintiff failed to establish a protected property interest in her

---

[2]The FMLA creates two types of claims: interference claims, in which an employee asserts that her employer denied or otherwise interfered with her substantive rights under the Act, see 29 U.S.C. § 2615(a)(1), and retaliation claims, in which an employee asserts that her employer discriminated against her because she engaged in activity protected by the Act, see 29 U.S.C. § 2615(a)(1) & (2).

[3]While Plaintiff also names the Richmond County Sheriff's Department as a Defendant in her FMLA claim, the Court notes that the proper Defendants for that claim are Defendants Strength and Rodgers. Thus, it is still appropriate to dismiss the Richmond County Sheriff's Office as a Defendant from this case.

employment, and even if Plaintiff had a right to procedural due process, her claim still failed because Plaintiff had been afforded a hearing. (Doc. no. 42, pp. 6, 7).

Upon review of Plaintiff's second amended complaint, the Court notes that Plaintiff stated, in a conclusory fashion, that the Richmond County Sheriff's Department Policy and Procedures Handbook, in addition to other information given to Plaintiff when she was hired, did in fact alter her at-will employment. (Doc. no. 36, p. 5, ¶ 23). Plaintiff now includes excerpts of the Richmond County Sheriff's Office Policy and Procedures Handbook. (Doc. no. 48, Ex. 28, p. 1). These excerpts, though simply attached as an exhibit to her objections, provide the requisite language that may indeed confer upon Plaintiff a property interest in continued employment. Specifically, the Policy and Procedure Handbook provides, "Disciplinary action will be taken only for just cause." (Id. (emphasis added)). As an employee, who may be terminated only for cause, has a protected property interest in continued employment, Plaintiff has arguably established a protected property interest in continued employment. See Barnett v. Housing Auth., 707 F.2d 1571, 1576 (11th Cir. 1983) (holding that a public employee, who may be terminated only for cause, has a protected property interest in continued employment). Thus, liberally construing Plaintiff's allegations, she has arguably stated a viable § 1983 claim against Sheriff Strength for violation of her procedural due process rights, as established by the Richmond County Sheriff's Office Policy and Procedures Handbook.

As Defendants Rodgers and Strength have already filed an answer, they shall file an amended answer to Plaintiff's second amended complaint (doc. no. 36), to include an answer to Plaintiff's FMLA claim and Wrongful Termination/Breach of Contract claim, within

4

twenty (20) days of the date of this Order.

Accordingly, the Report and Recommendation of the Magistrate Judge, as modified herein, is **ADOPTED** as the opinion of the Court. Therefore, Plaintiff's Counts IV and V are **DISMISSED** for failure to state a claim upon which relief may be granted, and Defendants Hatfield and Richmond County Sheriff's Department are **DISMISSED**. Plaintiff may go forward with her claims asserted in Counts I, II and III.

SO ORDERED this 3 day of January, 2008, at Augusta, Georgia.

HONORABLE LISA GODBEY WOOD
UNITED STATES DISTRICT JUDGE