IN THE UNITED STATES DISTRICT COURT

FOR THE SOUTHERN DISTRICT OF GEORGIA

AUGUSTA DIVISION

| | | |
|---|---|---|
| BRENDA JOYCE LOWERY, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | CV 106-090 |
| RONALD STRENGTH, Sheriff, et. al., | ) ) | |
| Defendants. | ) | |

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

The matter is now before the Court on "Defendants' Motion for Sanctions." (Doc. no. 84). Plaintiff did not file a response to Defendants' motion, and therefore, under Loc. R. 7.5, the motion is deemed unopposed. For the reasons stated more fully below, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for sanctions be **GRANTED IN PART**. Plaintiff should pay Defendants' attorneys' fees and expenses generated by Defendants' attempts to gain discovery information and the preparation of the resultant motion for sanctions.

I. **BACKGROUND**

Plaintiff, proceeding *in forma pauperis* ("IFP"), originally filed the above-captioned employment discrimination case in the United States District Court for the Northern District of Georgia. (Doc. no. 3, June 6, 2006 Order). Thereafter, the entire case was transferred to United States District Court for the Southern District of Georgia. Id.

Pursuant to Plaintiff's IFP status, the Court screened her original complaint. A Report and Recommendation was issued on July 12, 2006, recommending that Plaintiff's case be dismissed because it was not brought within (90) days after Plaintiff received a "right to sue" letter from the Equal Employment Opportunity Commission. (Doc. no. 7). From the time the Report and Recommendation was issued, until the Honorable Lisa Godbey Wood, United States District Judge, dismissed the Title VII portion of Plaintiff's complaint, Plaintiff made numerous filings. In a comprehensive and thorough Order, Judge Wood addressed each of the issues raised by Plaintiff in her multiple filings.[1] (Doc. no. 28). Judge Wood's Order also directed Plaintiff to file an amended complaint that would supersede in its entirety any prior complaint she had filed. Id. Finally, Judge Wood's Order provided Plaintiff with directions on how to properly structure her amended complaint. (See id. at 12-14).

Notwithstanding the specific instructions set forth in the Order, Plaintiff filed a pleading entitled "Plaintiff's Objections and Memorandum of Support to District Judge Court Order" (doc. no. 31), in which she objected to Judge Wood's April 20, 2007 Order, and included a "reluctantly amended complaint" that was "forced by the Court." By Order dated May 15, 2007, Judge Wood addressed Plaintiff's "reluctantly amended complaint" and allowed Plaintiff to file another amended complaint. (Doc. no. 32). Not only did the May 15, 2007 Order again provide Plaintiff with directions on what the Court required in a

---

[1]For example, Plaintiff filed: (1) a motion to move case from the Southern District to the Northern District (doc. no. 9); (2) an objection to the Report and Recommendation (doc. no. 10); (3) a motion to change venue (doc. no. 11); (4) an amended complaint (doc. no. 12); (5) a notice of removal (doc. no. 13); (6) a motion of inappropriate actions and misconduct form the Clerk of Court in Augusta (doc. no. 17); (7) a "complaint" (doc. no. 18); (8) a motion for judgment by default (doc. no. 22); and, (9) a response to order in reference to order reassigning case (doc. no. 26).

2

complaint, but it also warned Plaintiff that her "failure to comply with this Order in all respects may result in the outright dismissal of this case." (Id. at 4). Plaintiff then submitted "Plaintiff's Reluctant Second Forced Amendment Pursuant to Court Orders on May 15, 2007, and April 20, 2007" ("second amended complaint"). (Doc. no. 36). Thereafter, the Court screened Plaintiff's second amended complaint and sanctioned Plaintiff's claim related to alleged interference with her rights under the Family Medical Leave Act, Plaintiff's claim for alleged wrongful termination involving violation of Plaintiff's procedural due process rights, and Plaintiff's alleged claim of retaliatory discharge as a result of her complaints against Defendants. (Doc. nos. 44, 62).

Once Plaintiff's claims were sanctioned, not only did she continue to disregard the Court's Orders, she also failed to cooperate with Defendants despite Court Orders to do so. On the same day that the Court screened Plaintiff's second amended complaint, an Order was entered instructing the parties on Federal Rule of Civil Procedure ("Federal Rule") 26(f) procedures. (Doc. no. 45). That Order explained that Federal Rule 26(f) requires the parties to confer, develop a proposed discovery plan, and submit a report to this Court. (Id.). Subsequent to the filing of the Report, a Scheduling Order must be entered pursuant to Federal Rule 16(b). However, instead of filing a timely Rule 26(f) Report, Defendants filed a notice to the Court explaining that they had been unable to obtain Plaintiff's cooperation in meeting and preparing a Report as required by Federal Rule 26 and the Local Rules. (Doc. no. 58). According to Defendants, Plaintiff alluded to defense counsel that she did not intend to participate in a Rule 26(f) conference unless defense counsel agreed to meet in Atlanta. (Id.). Moreover, Plaintiff continued to argue that the undersigned and Judge Wood were

3

improperly involved in this case. (Id.). In her response to Defendants' notice concerning the Rule 26(f) Report, (doc. no. 60, p. 1), not only did Plaintiff accuse defense counsel of being "untruthful," she also refused to hold the 26(f) conference by telephone. (Doc. no. 58). Additionally, although Judge Wood had already ruled on the venue issue (doc. no. 28, pp. 15-16), Plaintiff again attempted to have the above-captioned case transferred back to the Northern District.[2] (Doc. no. 60, p. 3).

The Court instructed Plaintiff that if she intended to go forward with this case she must do so in this District, and defense counsel was not, contrary to Plaintiff's belief, required to go to Atlanta to participate in a Rule 26(f) conference. The Court additionally instructed Plaintiff that if she continued in her pattern of failing to comply with Court Orders, her case could be subject to dismissal. (Doc. no. 70) (citing Loc. R. 41.1(b); see also doc. no. 32, p. 4 (warning Plaintiff that her failure to comply with Court's Order in all respects may result in the outright dismissal of her case)).

After the Scheduling Order was entered (doc. no. 74), Defendants filed their first motion to compel Plaintiff to make her initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) and to serve upon Defendants her responses to their interrogatories and request for production of documents; Defendants also sought an award of attorney's fees for the bringing

---

[2]Judge Wood's Order provided in pertinent part:

Under 28 U.S.C. § 1391(b), venue is proper in "a judicial district where any defendant resides, if all defendants reside in the same State," or "a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred." A plaintiff's residency is of no consequence.

(Doc. no. 28, pp. 15-16).

of the motion (doc. no. 76).[3,4] The Court granted Defendants' motion to compel Plaintiff to serve her initial disclosures on Defendants and ordered Plaintiff to serve her initial disclosures on Defendants within seven (7) business days of the date of that Order.[5] (Doc. no. 82). The Court also instructed Defendants' to submit their request for attorney's fees within fifteen days of the date of that Order. (Id.). Apparently, Plaintiff again chose to disregard a Court Order, and failed to serve her initial disclosures on Defendants within 7 business days from the date of the Court's May 30, 2008 Order as directed by the Court. As such, Defendants filed the instant motion for sanctions. (Doc. no. 84).

## II. **DISCUSSION**

Defendants request that Plaintiff's case be dismissed as a sanction for Plaintiff's failure to comply with the terms of the Court's May 30th Order regarding discovery. As outlined above, Plaintiff clearly violated the Court's Order by refusing to serve her initial disclosures on Defendants within 7 days of the Court's Order. Thus, Plaintiff violated the

---

[3] Pursuant to the parties' joint 26(f) Report, their Rule 26(a)(1) disclosures were to be made within 14 days of the Conference. (Id.). Defendants timely made their initial disclosures and requested that Plaintiff also make her initial disclosures. (Doc. no. 76, pp. 1, 2 and Ex. A). Additionally, on February 20, 2008, Defendants served their interrogatories and requests for production of documents on Plaintiff. (Doc. no. 76, pp. 1, 2). Plaintiff did not respond to Defendants' discovery within the 30 days required by the Federal Rules of Civil Procedure. (Id.). On or about March 26, 2008, Defendants corresponded with Plaintiff and requested responses to their discovery requests within 10 days. (Id.). As of the date Defendants filed their first motion to compel, they had not yet been served with initial disclosures, nor that they received responses to their interrogatories or requests for production.

[4] As of April 21, 2008, Plaintiff was no longer proceeding *pro se* as Calvin D. Williamson filed a notice of appearance on her behalf. (See doc. no. 75).

[5] Approximately three days after Plaintiff's response to Defendants' motion to compel was due, Plaintiff filed her responses to Defendant's interrogatories and requests for production of documents. (Doc. no. 78).

5

express terms of this Court's Discovery Order.

The Eleventh Circuit has stated that "the district court's power to control its docket includes the inherent power to dismiss a case . . . ." Quality Foods de Centro Am., S.A. v. Latin Am. Agribusiness Dev. Corp., S.A., 711 F.2d 989, 998 (11th Cir. 1983); see also Burden v. Yates, 644 F.2d 503, 505 (5th Cir. Unit B May 1981) ("It is also clear that a district court's power to control its docket includes the inherent power to dismiss a case."); Hyler v. Reynolds Metal Co., 434 F.2d 1064, 1065 (5th Cir. 1970) ("It is well settled that a district court has inherent power to dismiss a case for failure to prosecute . . . ."). Moreover, the Local Rules of the Southern District of Georgia provide that an "assigned Judge may, after notice to counsel of record, *sua sponte* . . . dismiss any action for want of prosecution, with or without prejudice . . . [for] [w]illful disobedience or neglect of any order of the Court . . . ." Loc. R. 41.1. Clearly Plaintiff's failure to cooperate in discovery - despite a direct Order from the Court instructing her to do so - amounts to at least neglect, if not willful disobedience, of an order of the Court, and this is precisely the type of dilatory action contemplated by Loc. R. 41.1.

Defendants also rely on Fed. R. Civ. P. 37 to support their request that this case be dismissed based on Plaintiff's failure to cooperate in discovery. (Doc. no. 84). Under Fed. R. Civ. P. 37(b)(2)(A), a discovery sanction may take the form of striking pleadings, staying proceedings, dismissing an action or any part thereof, or rendering a judgment by default against a disobedient party. Although the Court has broad discretion to tailor appropriate sanctions under Rule 37, this discretion is not unbridled. United States v. Certain Real Prop. Located at Route 1, Bryant, Ala., 126 F.3d 1314, 1317 (11th Cir. 1997). Dismissal or entry

6

of a default judgment is a drastic remedy and should be resorted to only in extreme situations. Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir. 1986). Dismissal is often appropriate when a party's recalcitrance is due to "'willful bad faith and callous disregard' of court directives." Adolph Coors Co. v. Movement Against Racism and the Klan, 777 F.2d 1538, 1542 (11th Cir. 1985).

Here, the Court finds that a lesser sanction of paying Defendants' attorneys' fees and expenses generated by their attempt to receive discovery information and preparation of the resultant motion for sanctions would be an appropriate sanction to deter Plaintiff from further misconduct in this case but yet allow the case to proceed to an investigation of the merits of Plaintiff's claims. Should the district court adopt this Court's recommendation for monetary sanctions rather than dismissal, defense counsel should submit a request for expenses incurred in the attempt to receive discovery information and preparation of the resultant motion for sanctions within fifteen (15) days of the date of the district court's final action on this recommendation; Plaintiff should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

Finally, the Court recognizes that if its recommendation is adopted as the opinion of the district court, discovery will need to be reopened for the limited purpose for Plaintiff to comply with the Court's May 30th Order, as well as providing the discovery sought in Defendants' Second Request for Production of Documents.[6] (Doc. no. 101). Additionally,

---

[6] By separate Order the Court has granted Defendants' second motion to compel responses to discovery requests from Plaintiff. (Doc. no. 101).

the deadline for filing any appropriate motions thereafter will also have to be reset including allowing the parties to supplement the summary judgment motion and responses thereto. However, until the district court takes its final action on this Court's recommendation, any resetting of the deadlines would be premature.

### III. CONCLUSION

For the foregoing reasons, the Court **REPORTS** and **RECOMMENDS** that Defendants' motion for sanctions be **GRANTED IN PART**. Plaintiff should pay Defendants' attorneys' fees and expenses generated by Defendants attempts to receive discovery information and preparation of the resultant motion for sanctions. Should the district court adopt this Court's recommendation for monetary sanctions rather than dismissal, defense counsel should submit a request for expenses incurred because of Defendants attempts to gain discovery information and preparation of the resultant motion to dismiss within fifteen (15) days of the date of the district court's final action on this recommendation; Plaintiff should then have fifteen (15) days to respond to that filing. Upon review of those submissions, an appropriate amount of reasonable expenses should then be awarded.

SO REPORTED and RECOMMENDED this 16th day of September, 2008, at Augusta, Georgia.

W. LEON BARFIELD
UNITED STATES MAGISTRATE JUDGE

8