# United States Court of Appeals
## For the Eleventh Circuit

No. 09-11597

District Court Docket No.
06-00090-CV-1

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec 14, 2009
THOMAS K. KAHN
CLERK

BRENDA JOYCE LOWERY,

    Plaintiff-Appellant,

versus

RONALD STRENGTH,
Sheriff,
GENE JOHNSON,
Captain,
KEN RODGERS,
Investigator,

    Defendants-Appellees.

---

Appeal from the United States District Court
for the Southern District of Georgia

---

## JUDGMENT

It is hereby ordered, adjudged, and decreed that the attached opinion included herein by reference, is entered as the judgment of this Court.

        Entered: December 14, 2009
    For the Court: Thomas K. Kahn, Clerk
           By: Gilman, Nancy

ISSUED AS MANDATE
FEB 11 2010
U.S. COURT OF APPEALS
ATLANTA, GA

[DO NOT PUBLISH]

# IN THE UNITED STATES COURT OF APPEALS

## FOR THE ELEVENTH CIRCUIT

No. 09-11597
Non-Argument Calendar

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
Dec. 14, 2009
THOMAS K. KAHN
CLERK

D. C. Docket No. 06-00090-CV-1

BRENDA JOYCE LOWERY,

Plaintiff-Appellant,

versus

RONALD STRENGTH,
Sheriff,
GENE JOHNSON,
Captain,
KEN RODGERS,
Investigator,

Defendants-Appellees.

Appeal from the United States District Court
for the Southern District of Georgia

(December 14, 2009)

Before TJOFLAT, BARKETT and WILSON, Circuit Judges.

PER CURIAM:

Brenda Lowery, proceeding *pro se*, appeals the district court's grant of summary judgment in favor of Ronald Strength, the Sheriff of Richmond County. After Lowery, a deputy jailor, was involved in a physical altercation at a local restaurant, Strength terminated her employment. After several amendments to her complaint, Lowery proceeded against Strength alleging that he 1) interfered with her FMLA rights, and 2) wrongfully terminated her in violation of her due process rights.

We review a district court order granting summary judgment *de novo*, viewing all of the facts in the record in the light most favorable to the non-moving party. *Brooks v. County Comm'n of Jefferson County, Ala.*, 446 F.3d 1160, 1161-62 (11th Cir. 2006). "Summary judgment is appropriate when 'there is no genuine issue as to any material fact and . . . the moving party is entitled to a judgment as a matter of law.'" *Wilson v. B/E/ Aerospace, Inc.*, 376 F.3d 1079, 1085 (11th Cir. 2004) (quoting Fed.R.Civ.P. 56(c)). "A genuine factual dispute exists if the jury could return a verdict for the non-moving party." *Id.* (quotations and citation omitted).

I.   FMLA Interference

The FMLA provides that "an eligible employee shall be entitled to a total of

12 workweeks of leave during any 12-month period . . . [b]ecause of a serious health condition that makes the employee unable to perform the functions of the position of such employee." 29 U.S.C. § 2612(a)(1)(D). A serious health condition is an illness, injury, impairment, or physical or mental condition that involves: (1) inpatient care; or (2) continuing treatment by a health care provider. *Id.* § 2611(11).

An employee shall provide at least verbal notice sufficient to make the employer aware that the employee needs FMLA-qualifying leave. 29 C.F.R §§ 825.302(c), 825.303(b). Absent unusual circumstances, however, an employer may require an employee to comply with the employer's usual and customary notice and procedural requirements for requesting leave. *Id.* at §§ 825.302(d), 825.303(c).

Generally, employees are required to provide employers with at least 30 days' notice before taking FMLA leave. 29 U.S.C. § 2612(e)(2)(B). When advance notice is not practicable because the need for leave is unforeseeable, the employee should give the employer notice as soon as practicable. *Cruz v. Publix Super Markets, Inc.*, 428 F.3d 1379, 1382 (11th Cir. 2005) (citing 29 C.F.R. § 825.303(a)). Notice may be given by the employee's spokesperson, such as the employee's spouse, if the employee is unable to do so. *Id,* § 825.303(a). When

"an employee's need for FMLA leave is unforeseeable, the employee need only provide [his] employer with notice sufficient to make the employer aware that [his] absence is due to a potentially FMLA-qualifying reason." *Cruz*, 428 F.3d at 1382 (quotation omitted). On the other hand, not all leave requested or taken for medical reasons qualifies for FMLA protection. *Cash v. Smith*, 231 F.3d 1301, 1307 (11th Cir. 2000).

"Unless the employer already knows that the employee has an FMLA-approved reason for leave, the employee must communicate the reason for the leave to the employer; the employee cannot just demand leave." *Cruz, id.* Thus, to give sufficient notice, the employee must inform the employer of a potentially FMLA-qualifying reason. *Id.* at 1386. When an employee provides the employer with sufficient notice "that potentially FMLA-qualifying leave is needed, the employer must then ascertain whether the employee's absence actually qualifies for FMLA protection." *Id.* at 1383.

Additionally, the FMLA provides: "It shall be unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under [the FMLA]." 29 U.S.C. 2615(a)(1). "To state a claim of interference with a [FMLA] substantive right, an employee need only demonstrate by a preponderance of the evidence that he was entitled to the benefit denied."

4

*Strickland v. Waterworks and Sewer Bd. of the City of Birmingham*, 239 F.3d 1199, 1206-07 (11th Cir. 2001). Alternatively, an employee may demonstrate that the employer interfered with the FMLA benefit. *O'Connor v. PCA Family Health Plan, Inc.*, 200 F.3d 1349, 1353-54 (11th Cir. 2000). "'Interfering with' the exercise of an employee's rights would include, for example, not only refusing to authorize FMLA leave, but discouraging an employee from using such leave." 29 C.F.R. 825.220(b).

Here, Lowery presented no evidence that Strength knew she was seeking FMLA leave, much less that he somehow sought to discourage her from using FMLA leave or to punish her for having done so. The evidence shows that, after a warrant was issued for Lowery's arrest, she was asked to attend a disciplinary hearing. At the Review Hearing, Lowery's alleged FMLA leave was not discussed. In addition, Lowery does not allege that she experienced problems in taking leave after she had a nervous breakdown.

Moreover, Lowery has not shown, even if she had been on FMLA leave, that calling upon her to attend a disciplinary hearing was an act of interference with her FMLA rights. The evidence shows that Strength, during his tenure as RCSD Sheriff, fired 23 of 25 RCSD employees that committed criminal acts. Lowery has presented no evidence that Strength terminated her to deny her FMLA benefits.

Additionally, the evidence shows that Lowery never applied for FMLA leave. According to Lowery, she submitted several documents to inform the RCSD that she was requesting FMLA leave. However, even if one could assume that the RCSD received each of these documents at some point before the July 15th disciplinary hearing, Lowery's documents did not put the RCSD on notice of potential FMLA-qualifying leave. *See Cruz*, 428 F.3d at 1383-86. Lowery relies on a certificate from her doctor which stated that Lowery could return to work on June 30, 2004, and simply said that her previous absence was due to "medical reasons." Lowery also relies on a letter dated July 14, 2004, stating that, since May 2004, Lowery's doctor had been treating her for depression and anxiety. Finally, Lowery points to another letter from her doctor concerning Lowery's absence from work for "medical reasons," although this letter is undated and does not specify the most recent date of care. None of these documents informed RCSD that on the day of her hearing, Lowery was suffering from a condition that might qualify her for FMLA leave.

II.     Procedural Due Process

In order to establish a procedural due process violation under 42 U.S.C. § 1983, a plaintiff must show: "(1) a deprivation of a constitutionally-protected liberty or property interest; (2) state action; and (3) constitutionally-inadequate

process." *Grayden v. Rhodes*, 345 F.3d 1225, 1232 (11th Cir. 2003). Public employees who can be discharged only for cause have a constitutionally protected property interest in their employment, which cannot be terminated without due process. *See Board of Regents of State Colleges v. Roth*, 408 U.S. 564, 578, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). Due process requires that "a deprivation of life, liberty, or property be preceded by notice and opportunity for hearing appropriate to the nature of the case." *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 542, 105 S.Ct. 1487, 1493, 84 L.Ed.2d 494 (1985). We have explained that notice in this context is sufficient if it notifies the public employee of the charges against him and is timely. *Harrison v. Wille*, 132 F.3d 679, 684 (11th Cir. 1998). So, "a full evidentiary hearing is not required," and the pre-termination hearing does not "have to establish conclusively the propriety of the termination." *Id.* Rather, the employee "need only be given an opportunity to present his side of the story." *Id.* If the local procedure is inadequate, we will consider any procedures that would be made available as a judicial remedy under applicable state law. *See generally Cotton v. Jackson*, 216 F.3d 1328, 1331-33 (11th Cir. 200) (considering remedies under Georgia law).

As an initial matter, to the extent Lowery makes a substantive due process claim, we need not address that claim because the district court did not authorize

Lowery to proceed on such a claim and Lowery has not shown that the district court improperly construed or regulated her pleadings below. In any event, our decision in *McKinney v. Pate*, 20 F.3d 1550, 1560-61 (11th Cir. 1994) (en banc), would render such a claim futile. Further, as discussed in Issue I above, because Lowery has made no showing that Strength interfered with her alleged FMLA rights, we need not address whether Strength was entitled to qualified immunity.

Here, Lowery was informed of the Review Board hearing and afforded an opportunity to present evidence on her behalf. *See Loudermill*, 470 U.S. at 542, 105 S.Ct. at 1493. Lowery was informed that a Review Board hearing was scheduled to discuss her involvement in the restaurant altercation. At the hearing, Lowery and her husband testified and presented character statements on Lowery's behalf. The results of the investigation of the restaurant incident were also presented to Lowery. Lowery's argument that she was entitled to a more comprehensive hearing is misplaced. We simply require that a public employee receive timely notice, and be given an opportunity to present her side of the story. *See Wille*, 132 F.3d at 684. Moreover, Georgia's law supplies a further remedy for any perceived deficiencies in the Sheriff's procedures, and there is no indication that Lowery sought a state law remedy for her grievances. *See Cotton*, 216 F.3d at 1333. Lowery's hearing met the minimal requirements of due process, and,

accordingly, the district court's grant of summary judgment on Lowery's procedural due process claim is affirmed.

**AFFIRMED.**

A True Copy Attested
Clerk U.S. Court of Appeals,
Eleventh Circuit

By: _____
Deputy Clerk
Atlanta, Georgia